Christian Contreras, Esq. (SBN 330269)
   Email: *CC@Contreras-Law.com*
Edwin Salguero, Esq. (SBN 344820)
   Email: *ES@Contreras-Law.com*
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000
Fax: (323) 597-0101

Attorneys for Plaintiff,
APRIL HERRERA

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL HERRERA, an individual, <br><br> Plaintiff, <br><br> v. <br><br> LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; COUNTY OF LOS ANGELES, a public entity; ADAM VILLALOBOS, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | **CASE NO.: 2:24-cv-1959** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Fourth Amendment Violation (42 U.S.C. § 1983); <br> 2. Fourteenth Amendment Violation – Due Process (42 U.S.C. § 1983); <br> 3. Municipal Liability – Unconstitutional Policies, Customs, Practices (*Monell*, 42 U.S.C. § 1983); <br> 4. Municipal Liability – Ratification (*Monell*, 42 U.S.C. § 1983); <br> 5. Negligence; <br> 6. Sexual Assault; <br> 7. Violation of California Civil Code § 52.4 (Gender Violence); <br> 8. Violation of Civil Code Section § 1708.88; <br> 9. Violation of California Civil Code § 52.1 (Tom Bane Act) <br><br> **DEMAND FOR JURY TRIAL** |

**JURISDICTION AND VENUE**

1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

3.     Government Code Section 945.9 provides that "[a] claim arising out of an alleged sexual assault by a law enforcement officer if the alleged assault occurred while the officer was employed by a law enforcement agency is exempted from all state and local government claim presentation requirements." Therefore, Plaintiff is exempt from the Tort Claims Act relative to her violations of state law.

4.     With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

**PARTIES**

5.     Plaintiff APRIL HERRERA is and was, at all relevant times, a resident of the defendant COUNTY OF LOS ANGELES, State of California, and the natural mother of Plaintiff M.W.

6.     Defendant LOS ANGELES COUNTY SHERIFF's DEPARTMENT is the sheriff's department for Defendant COUNTY and LASD is also a separate legal entity.

7.     Defendant COUNTY OF LOS ANGELES is a chartered subdivision of the State of California with the capacity to sue and be sued.

8.     Defendant ADAM VILLALOBOS was and is at all relevant times an employee of COUNTY and was acting under color of law at all relevant times as a deputy with LASD.

9.     At all relevant times, Defendants DOES 1-5, inclusive, were individuals employed as sheriff's deputies with the Defendants COUNTY and LASD, acting under color of law and within the course and scope of that employment.

10.     At all relevant times, Defendants DOES 6-10, inclusive, were managerial, supervisorial, training, and/or policymaking employees of Defendants COUNTY and LASD. At the time of the incident, DOES 6-10 were acting under color of law within the course and scope of their duties as employees for the COUNTY and LASD. DOES 6-10  had supervisorial authority over DOES 1-5, and the employees of the COUNTY and LASD. DOES 6-10 were acting with the complete authority and ratification of their principal, Defendants COUNTY and LASD.

11.     At all relevant times, Defendants DOE DEPUTY 1, and Does 1 Through 10 were employees of the LASD. At all times relevant, Defendants DOE DEPUTY 1, and Does 1 Through 10 were an employee and/or agent of defendant COUNTY and LASD, and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and LASD, as well as under the color of the statutes and regulations of the State of California.

12.     Plaintiffs do not know of the exact names or titles of the individual defendants sued fictitiously as DOES 1-10, inclusive. Plaintiffs will seek leave to amend this Complaint to allege such names and titles as that information is ascertained.

13.     Each of the defendants named herein has caused and is responsible for the unlawful conduct and resulting rights violations to Plaintiffs, either by personally participating in the conduct or acting jointly and in concert with those who did; by authorizing, acquiescing, or failing to take action to prevent or intervene in the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to the rights and wellbeing of Plaintiffs and/or the public, to initiate and maintain adequate supervision and/or training of said actors; and/or, by ratifying the unlawful conduct perpetrated by

1  said actors, all of whom were employees, officials, agents, etc., under their supervision,

2  direction, and control.

3      14.    Whenever and wherever reference is made in this Complaint to any act by

4  a defendant, such allegation and reference shall also be deemed to mean the acts and

5  failures to act of each defendant individually, jointly, and severally. Accordingly, each

6  of the individual defendants is sued in their personal capacities for the harms caused

7  by their acts or omissions, while the Defendants COUNTY and LASD are sued on

8  account of its liability for the unconstitutional policies, practices, customs, training

9  failures, etc., that were substantial moving forces behind the individual defendants'

10 harmful conduct, and/or for subsequent ratification thereof.

11 **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

12     15.    Plaintiff APRIL HERRERA is a twenty-five year old Autistic young

13 woman. Plaintiff APRIL HERRERA was born premature. At the age of two years old,

14 APRIL HERRERA was diagnosed with multiple disabilities including Autism,

15 pervasive nondevelopment disorder and Russel Silver Syndrome. Plaintiff APRIL

16 HERRERA has been a consumer of the Harbor Regional Center since she was three

17 years old. When Plaintiff APRIL HERRERA was in school, she had an Individualized

18 Education Program. Plaintiff APRIL HERRERA is moderately verbal but Plaintiff

19 APRIL HERRERA primarily types out her expressions through her cell phone since

20 her speech in impeded. Clearly, Plaintiff APRIL HERRERA is disabled.

21     16.    Plaintiff APRIL HERRERA is a resident of the City of Norwalk. In March

22 of 2022, Plaintiff APRIL HERRERA was walking on San Antonio Dr. and Olive St. in

23 the City of Norwalk when Los Angeles County Sheriff deputy, Defendant ADAM

24 VILLALOBOS physically contacted Plaintiff APRIL HERRERA. Defendant ADAM

25 VILLALOBOS was on duty when he stopped Plaintiff APRIL HERRERA. There was

26 no justification whatsoever to stop Plaintiff APRIL HERRERA and Plaintiff APRIL

27 HERRERA did not voluntarily contact Defendant ADAM VILLALOBOS. During the

28 encounter, Plaintiff APRIL HERRERA advised Defendant ADAM VILLALOBOS

that she was Autistic. Subsequently, Defendant ADAM VILLALOBOS obtained Plaintiff APRIL HERRERA's information and immediately began communicating with her.

17.    Between the middle of March and April of 2022, Defendant ADAM VILLALOBOS  took advantage of his authority as a sheriff deputy, took advantage of Plaintiff APRIL HERRERA's disabilities, and began grooming her. In or about April of 2022, Defendant ADAM VILLALOBOS was on FaceTime with Plaintiff APRIL HERRERA. During the call, Defendant ADAM VILLALOBOS exposed his private area to Plaintiff APRIL HERRERA and wanted Plaintiff APRIL HERRERA to expose her vagina and breasts while on a video chat. Defendant ADAM VILLALOBOS wanted Plaintiff APRIL HERRERA to stick her finger inside herself and masturbate. Defendant ADAM VILLALOBOS sexually abused Plaintiff APRIL HERRERA and took advantage of her disability.

18.    Worst yet, Plaintiff APRIL HERRERA is 4'11 and weighs 80 pounds. Plaintiff APRIL HERRERA has the appearance of teenager who is underage. ADAM VILLALOBOS was aware of Plaintiff APRIL HERRERA's underage appearance and in fact exploited such fact for sexual gratification. ADAM VILLALOBOS told Plaintiff APRIL HERRERA the following: "If I had a stepdaughter who looked like you, I would try to get at it." ADAM VILLALOBOS had a disturbing fantasy would also say things like "I like your body cause it reminds me of a young girls body" and "I love your petite teen boobs." Clearly, ADAM VILLALOBOS is a pedophile.

19.    On April 11, 2022, Plaintiff APRIL HERRERA contacted the Los Angeles Sheriff's Department and advised the department of the sexual assault.

20.    Before ADAM VILLALOBOS sexually assaulted A Plaintiff PRIL HERRERA, the sheriff's department was well aware of Defendant ADAM VILLALOBOS' vile sexual propensities. Indeed, in late November 29 2022, Plaintiff PRIL HERRERA's mother, Valerie Marinez, viewed an online post regarding another Norwalk resident stating that ADAM VILLALOBOS has been sexually abusing her

for two years. Consequently, Valerie Marinez called Los Angeles Sheriff's Department Detective Salazar who is with the Internal Criminal Investigations Bureau. Detective Salazar advised Valerie Marinez that the matter would be further investigated.

21.    As a result of the despicable conduct of ADAM VILLALOBOS, Plaintiff APRIL HERRERA is permanently psychologically scarred. Plaintiff APRIL HERRERA is less trusting of people, including police officers, and feels as if she will be taken advantage of again. As it is, Plaintiff APRIL HERRERA was already vulnerable due to her disabilities, so now Plaintiff APRIL HERRERA will be even less capable of living a normal life due to the trauma she faces due to ADAM VILLALOBOS.

22.    Plaintiff APRIL HERRERA suffered and continues to suffer non-economic damages according to proof as trial as well as compensatory damages for treatment as a result of the sexual abuse she was subjected to.

### FIRST CLAIM FOR RELIEF

**Fourth Amendment Violation**

**(42 USC § 1983)**

**(By Plaintiff As Against Defendants ADAM VILLALOBOS and DOES 1 through 5)**

23.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

24.    The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Torres v. Madrid*, 592 U.S. 306, 311 (2021). "[A] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). A seizure for the purposes of the Fourth Amendment "requires either physical force ... or, where that is absent, submission to the assertion of authority." *Torres v. Madrid*, 592 U.S. 306, 311

1   (2021). An officer has made a "show of authority" when an officer's words and actions
2   would convey to a reasonable person "that he was being ordered to restrict his
3   movement." *California v. Hodari D.*, 499 U.S. 621, 628 (1991).

4       25.   "Beyond the specific proscription of excessive force, the Fourth
5   Amendment generally proscribes "unreasonable intrusions on one's bodily integrity,' .
6   . . . and other harassing and abusive behavior that rises to the level of 'unreasonable
7   seizure.'" *Fontana v. Haskin*, 262 F.3d 871, 878–79 (9th Cir. 2001) (determining that
8   police officer's "sexual verbal and physical predation against a handcuffed arrestee" on
9   ride to police station violated Fourth Amendment) (citations omitted). The Fourth
10  Amendment bars intrusion into the body "which are not justified in the circumstances,
11  or which are made in an improper manner." *Schmerber v. California*, 384 U.S. 757,
12  768 (1966) ("The overriding function of the Fourth Amendment is to protect personal
13  privacy and dignity against unwarranted intrusion by the State")

14      26.   In April of 2022, Defendant ADAM VILLALOBOS violated Plaintiff
15  APRIL HERRERA's Fourth Amendment rights by unreasonably intruding her bodily
16  integrity. Defendant ADAM VILLALOBOS unreasonably intruded Plaintiff APRIL
17  HERRERA's bodily integrity by sexually assaulting her in the form of exposing
18  himself and forcing her to expose her naked body to him. Defendant ADAM
19  VILLALOBOS also unreasonably intruded into Plaintiff APRIL HERRERA's by
20  forcing her to masturbate. Worst yet, Defendant ADAM VILLALOBOS also made
21  pedophilic remarks to Plaintiff APRIL HERRERA while he was sexually grooming
22  her and sexually assaulting her. Clearly, the personal privacy and dignity of Plaintiff
23  APRIL HERRERA was unreasonably intruded by Defendant ADAM VILLALOBOS.

24      27.   As a direct and proximate result of Defendant ADAM VILLALOBOS'
25  acts and/or omissions as set forth above, Plaintiff herein, sustained injuries and
26  damages.

27      28.   The conduct of Defendant ADAM VILLALOBOS entitles Plaintiff to
28  punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by

**COMPLAINT FOR DAMAGES**

1  law. Plaintiff does not seek punitive damages against Defendants LASD and
2  COUNTY.

3      29.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42
4  U.S.C. § 1988, and other applicable United States and California codes and laws.

5              **SECOND CLAIM FOR RELIEF**

6    **Fourteenth Amendment Violation – Substantive Due Process**
7                **(42 USC § 1983)**

8    **(By Plaintiff As Against Defendants ADAM VILLALOBOS and DOES 1**
9                    **through 5)**

10     30.    Plaintiff realleges and incorporates herein by reference each of the
11  preceding paragraphs of this complaint, and any subsequent paragraphs.

12     31.    The Fourteenth Amendment provides that "[n]o State shall . . . deprive
13  any person of life, liberty, or property, without due process of law. . ." U.S. Const.,
14  Amdt. 14, § 1. The Due Process Clause of the Fourteenth Amendment was intended to
15  prevent government "from abusing [its] power, or employing it as an instrument of
16  oppression." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196,
17  109 S. Ct. 998, 1003, 103 L. Ed. 2d 249 (1989).

18     32.    Under the Fourteenth Amendment's substantive due process prong, courts
19  use the "shocks the conscience" test to determine if a violation has occurred. *County of
20  Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The threshold question is "whether the
21  behavior of the governmental officer is so egregious, so outrageous, that it may fairly
22  be said to shock the contemporary conscience." *Id.* at 848 n. 8. Sexual predation can
23  be "unjustifiable by any government interest." *Fontana v. Haskin*, 262 F.3d 871, 882
24  n. 7 (9th Cir. 2001). Sexual predation can be an "arbitrary exercise of the powers of
25  government, unrestrained by the established principles of private right and distributive
26  justice." *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998) (quoting *Hurtado
27  v. California*, 110 U.S. 516, 527 (1884)).

28  ///

33.     As demonstrated herein, in April of 2022, Defendant ADAM VILLALOBOS engaged in conduct as to Plaintiff APRIL HERRERA which shocks the conscience. Defendant ADAM VILLALOBOS engaged in sexual predation which was egregious and outrageous. Indeed, Defendant ADAM VILLALOBOS violated Plaintiff APRIL HERRERA's Fourteenth Amendment rights by unreasonably intruding her bodily integrity without any justified governmental interest. Defendant ADAM VILLALOBOS unreasonably intruded Plaintiff APRIL HERRERA's bodily integrity by sexually assaulting her in the form of exposing himself and forcing her to expose her naked body to him. Defendant ADAM VILLALOBOS also unreasonably intruded into Plaintiff APRIL HERRERA's by forcing her to masturbate. Worst yet, Defendant ADAM VILLALOBOS also made pedophilic remarks to Plaintiff APRIL HERRERA while he was sexually grooming her and sexually assaulting her. Clearly, such egregious and outrageous conduct shocks the conscience in violation of the Fourteenth Amendment.

34.     As a direct and proximate result of Defendant ADAM VILLALOBOS' acts and/or omissions as set forth above, Plaintiff herein, sustained injuries and damages.

35.     The conduct of Defendant ADAM VILLALOBOS entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983 and as provided by law. Plaintiff does not seek punitive damages against Defendants LASD and COUNTY.

36.     Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

**THIRD CLAIM FOR RELIEF**

**Municipal Liability – Unconstitutional Policies, Customs, Practices**

**(*Monell*, 42 U.S.C. § 1983)**

**(By Plaintiff As Against Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, COUNTY OF LOS ANGELES and DOES 6 through 10)**

37.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

38.     As set forth in the forgoing causes of action, Defendant ADAM VILLALOBOS and DOES 1-5, inclusive, and each of them, committed clear and well-established violations of constitutional rights against Plaintiff APRIL HERRERA within the course and scope of his employment as LASD deputies, under color of law.

39.     On and for some time prior to April of 2022 (and continuing to the present date), Defendants COUNTY, LASD and DOES 6-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs, and of persons in his class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

      A. Permitting sheriff deputies, including Defendant ADAM VILLALOBOS, to contact members of the public while on duty for non-law enforcement purposes;

      B. Permitting sheriff deputies, including Defendant ADAM VILLALOBOS, to obtain the contact information of members of the public while on duty for non-law enforcement purposes;

      C. Permitting sheriff deputies, including Defendant ADAM VILLALOBOS, to sexually groom members of the public;

      D. Permitting sheriff deputies, including Defendant ADAM VILLALOBOS, to take advantage of disabled members of the public for sexual purposes; and

      E. Permitting sheriff deputies, including Defendant ADAM VILLALOBOS, to sexually assault disabled members of the public.

40.     The expressly adopted policies and/or widespread, well-known, and longstanding customs or practices set forth above, constitute standard operating procedures within the Defendants COUNTY and LASD, which have directly

precipitated the pervasive sexual abuse/assault against innocent members of the general public at an unignorable and unacceptable scale, not least of which resemble the egregious constitutional violations suffered by APRIL HERRERA.

41.     Defendants COUNTY and LASD, and individual supervisory officials thereof, whether named or unnamed, had either actual or constructive knowledge of the unconstitutional policies, practices, and/or customs set forth herein. Despite this knowledge, the Defendants COUNTY and LASD, by and through officials with final policymaking authority, did condone, tolerate, and ratify such policies, customs, and practices, and have shown deliberate indifference to the foreseeable effects and consequences of these policies, customs, and practices with respect to the civil rights and wellbeing of the present Plaintiff, other individuals similarly situated, and the general public.

42.     The vile sexual assault/abuse of Plaintiff APRIL HERRERA suffered due to the conduct of Defendants ADAM VILLALOBOS and DOES 1-5, inclusive, caused APRIL HERRERA to have significant psychological injuries. As a direct consequence of these injuries, Plaintiffs suffered and continue to suffer severe mental, and emotional anguish, as well as extensive hardship.

43.     Accordingly, the policies, practices, and/or customs implemented, maintained, or still tolerated by Defendants COUNTY and LASD, or final policymakers thereof, are so inextricably connected to the unconstitutional conduct that Plaintiff APRIL HERRERA has endured as to be a substantial moving force behind it.

44.     Clearly, Defendants COUNTY's and LASD's unconstitutional customs and practices was the moving force which caused Plaintiff's injuries. Therefore, Defendants COUNTY and LASD must be regarded as similarly liable for all claims raised herein against its employees, agents, and/or representatives under 42 U.S.C. § 1983.

45.     As a direct and proximate result of Defendant ADAM VILLALOBOS' acts and/or omissions as set forth above, Plaintiff herein, sustained injuries and

1    damages.

2        46.    Plaintiff is also entitled to reasonable costs and attorneys' fees under 42

3    U.S.C. § 1988, and other applicable United States and California codes and laws.

4                              **FOURTH CLAIM FOR RELIEF**

5                          **Municipal Liability – Ratification**

6                          (***Monell*, 42 U.S.C. § 1983)**

7    **(By Plaintiff As Against Defendants LOS ANGELES COUNTY SHERIFF'S**

8    **DEPARTMENT, COUNTY OF LOS ANGELES and DOES 6 through 10)**

9        47.    Plaintiff realleges and incorporates herein by reference each of the

10   preceding paragraphs of this complaint, and any subsequent paragraphs.

11       48.    As set forth in the forgoing causes of action, Defendant ADAM

12   VILLALOBOS and DOES 1-5, inclusive, and each of them, committed clear and well-

13   established violations of constitutional rights against Plaintiff APRIL HERRERA

14   within the course and scope of his employment as LASD deputies, under color of law.

15       49.    Upon information and belief, the final policymaker knew of and

16   specifically approved of the Defendant ADAM VILLALOBOS' acts.

17       50.    Upon information and belief, a final policymaker, acting under color of

18   law, who had final policymaking authority concerning the acts of the Defendant

19   ADAM VILLALOBOS, ratified the acts of the Defendant ADAM VILLALOBOS'

20   acts and the bases for them.

21       51.    Upon information and belief, a final policymaker has determined (that the

22   acts of Defendant ADAM VILLALOBOS was "within policy."

23       52.    Indeed, on July 3, 2022, LASD sent a letter to APRIL HERRERA stating

24   "[y]our complaint was thoroughly investigated, and it was determined that the

25   employee's conduct should have been different. The appropriate administrative action

26   has been taken." However, it is not clear whether Defendant ADAM VILLALOBOS

27   was reprimanded, disciplined or terminated.

28   ///

53. If Defendant ADAM VILLALOBOS was not reprimanded, disciplined or terminated, then Defendants COUNTY and LASD have ratified his conduct by in practice, determining that it is "within policy."

54. Therefore, Defendants COUNTY and LASD ratification of Defendant ADAM VILLALOBOS' conduct makes Defendants COUNTY and LASD liable under *Monell*, 42 U.S.C. § 1983.

55. Accordingly, Defendants COUNTY and LASD must be regarded as similarly liable for all claims raised herein against its employees, agents, and/or representatives under 42 U.S.C. § 1983.

56. As a direct and proximate result of Defendant ADAM VILLALOBOS' acts and/or omissions as set forth above, Plaintiff herein, sustained injuries and damages.

57. Plaintiff is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988, and other applicable United States and California codes and laws.

## FIFTH CLAIM FOR RELIEF

### Negligence

### (By Plaintiff As Against All Defendants)

58. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

59. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, Defendant ADAM VILLALOBOS is liable for injuries caused by his acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, as public entities, LASD and COUNTY are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This claim for relief is not alleging direct liability against LASD and COUNTY, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *see also Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

60.    At all times, Defendants ADAM VILLALOBOS and DOES 1-10 owed APRIL HERRERA a duty to act with due care in the execution and enforcement of any right, law, or legal obligation, including the duty to prevent sexual assault.

61.    At all times, these Defendants ADAM VILLALOBOS and DOES 1-10 owed APRIL HERRERA the duty to act with reasonable care.

62.    These general duties of reasonable care and due care owed to APRIL HERRERA by Defendants include but are not limited to the following specific obligations:

A. To not contact members of the public while on duty for non-law enforcement purposes;

B. To not obtain the contact information of members of the public while on duty for non-law enforcement purposes;

C. To not sexually groom members of the public;

D. To not take advantage of disabled members of the public for sexual purposes; and

E. To not sexually assault disabled members of the public.

63.    Defendants ADAM VILLALOBOS and DOES 1-10 through their acts and omissions, breached each and every one of the aforementioned duties owed to APRIL HERRERA.

64.    As a direct and proximate result of these Defendants ADAM VILLALOBOS and DOES 1-10' negligence, APRIL HERRERA sustained injuries and damages.

65.    Defendants LASD and COUNTY are vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2.

///

///

///

## SIXTH CLAIM FOR RELIEF

### Sexual Assault

### (By Plaintiff As Against All Defendants)

66.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

67.    The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, Defendant ADAM VILLALOBOS is liable for injuries caused by his acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, as public entities, LASD and COUNTY are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This claim for relief is not alleging direct liability against LASD and COUNTY, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *see also Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

68.    As alleged herein, in April of 2022, Defendant ADAM VILLALOBOS violated Plaintiff APRIL HERRERA's Fourth Amendment rights by unreasonably intruding her bodily integrity. Defendant ADAM VILLALOBOS unreasonably intruded Plaintiff APRIL HERRERA's bodily integrity by sexually assaulting her in the form of exposing himself and forcing her to expose her naked body to him. Defendant ADAM VILLALOBOS also unreasonably intruded into Plaintiff APRIL HERRERA's by forcing her to masturbate. Worst yet, Defendant ADAM VILLALOBOS also made pedophilic remarks to Plaintiff APRIL HERRERA while he was sexually grooming her and sexually assaulting her. Clearly, the personal privacy and dignity of Plaintiff APRIL HERRERA was unreasonably intruded by Defendant ADAM VILLALOBOS.

69.    Clearly, Defendant ADAM VILLALOBOS' intent was to cause a harmful or offensive contact with Plaintiff's body in a sexual manner. Defendant ADAM VILLALOBOS caused an imminent fear of a harmful or offensive contact with

1   Plaintiff APRIL HERRERA's vagina and naked body.

2        70.    Plaintiff APRIL HERRERA's did not consent to the  harmful or offensive

3   contact.

4        71.    As a direct and proximate result of these Defendants ADAM

5   VILLALOBOS and DOES 1-10' conduct, APRIL HERRERA sustained injuries

6   and damages.

7        72.    The conduct of Defendant ADAM VILLALOBOS entitles Plaintiff to

8   punitive damages and penalties as provided by law. Plaintiff does not seek punitive

9   damages against Defendants LASD and COUNTY.

10        73.    Defendants LASD and COUNTY are vicariously liable for the violations

11   of state law and conduct of their officers, employees, and agents, including individual

12   named defendants, under California Government Code § 815.2

13                    **SEVENTH CLAIM FOR RELIEF**

14                **Violation of California Civil Code § 52.4**

15                        **(Gender Violence)**

16              **(By Plaintiff As Against All Defendants)**

17        74.    Plaintiff realleges and incorporates herein by reference each of the

18   preceding paragraphs of this complaint, and any subsequent paragraphs.

19        75.    The present claim for relief is brought pursuant to Cal. Gov. Code §§

20   815.2 and 820. Under § 820 of the Government Code, as public employees, Defendant

21   ADAM VILLALOBOS is liable for injuries caused by his acts or omissions to the same

22   extent as private persons. Under § 815.2 of the Government Code, as public entities,

23   LASD and COUNTY are liable for injuries caused by the acts or omissions of their

24   employees committed within the course and scope of their employment. This claim for

25   relief is not alleging direct liability against LASD and COUNTY, only vicarious

26   liability. *See* Gov. Code, § 815.2, subds. (a), (b); *see also Zelig v. County of Los Angeles*

27   (2002) 27 Cal.4th 1112, 1128.

28   ///

76.     As alleged herein, in April of 2022, Defendant ADAM VILLALOBOS violated Plaintiff APRIL HERRERA's Fourth Amendment rights by unreasonably intruding her bodily integrity. Defendant ADAM VILLALOBOS unreasonably intruded Plaintiff APRIL HERRERA's bodily integrity by sexually assaulting her in the form of exposing himself and forcing her to expose her naked body to him. Defendant ADAM VILLALOBOS also unreasonably intruded into Plaintiff APRIL HERRERA's by forcing her to masturbate. Worst yet, Defendant ADAM VILLALOBOS also made pedophilic remarks to Plaintiff APRIL HERRERA while he was sexually grooming her and sexually assaulting her. Clearly, the personal privacy and dignity of Plaintiff APRIL HERRERA was unreasonably intruded by Defendant ADAM VILLALOBOS.

77.     Pursuant to Civil Code § 52.4, for purposes of this section, "gender violence" is a form of sex discrimination and means either of the following:

(1) One or more acts that would constitute a criminal offense under state law that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, committed at least in part based on the gender of the victim, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

(2) A physical intrusion or physical invasion of a sexual nature under coercive conditions, whether or not those acts have resulted in criminal complaints, charges, prosecution, or conviction.

78.     Defendant ADAM VILLALOBOS committed a physical intrusion or physical invasion sexual in nature as detailed herein. The conditions of such physical intrusion or physical invasion were coercive because Defendant ADAM VILLALOBOS is a sheriff deputy and Plaintiff APRIL HERRERA has a mental disability.

///

79. As a direct and proximate result of these Defendants ADAM VILLALOBOS and DOES 1-10' conduct, APRIL HERRERA sustained injuries and damages.

80. The conduct of Defendant ADAM VILLALOBOS entitles Plaintiff to punitive damages and penalties as provided by law. Plaintiff does not seek punitive damages against Defendants LASD and COUNTY.

81. Defendants LASD and COUNTY are vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2

## EIGHTH CLAIM FOR RELIEF

### Violation of Civil Code Section § 1708.88

### (By Plaintiff As Against All Defendants)

82. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

83. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, Defendant ADAM VILLALOBOS is liable for injuries caused by his acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, as public entities, LASD and COUNTY are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This claim for relief is not alleging direct liability against LASD and COUNTY, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *see also Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

84. In April of 2022, Defendant ADAM VILLALOBOS violated Civil Code Section § 1708.88 when he knowingly sent APRIL HERRERA an image, which he knew was unsolicited, by electronic means, depicting obscene material.

///

///

85.    As a direct and proximate result of these Defendants ADAM VILLALOBOS and DOES 1-10' conduct, APRIL HERRERA sustained injuries and damages.

86.    The conduct of Defendant ADAM VILLALOBOS entitles Plaintiff to punitive damages and penalties as provided by law. Plaintiff does not seek punitive damages against Defendants LASD and COUNTY.

87.    Defendants LASD and COUNTY are vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2

## NINTH CLAIM FOR RELIEF

### Violation of California Civil Code § 52.1

### (Tom Bane Act)

### (By Plaintiff As Against All Defendants)

88.    Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

89.    The present claim for relief is brought pursuant to Civil Code § 52.1, Cal. Gov. Code §§ 815.2 and 820. Under § 820 of the Government Code, as public employees, Defendant ADAM VILLALOBOS is liable for injuries caused by his acts or omissions to the same extent as private persons. Under § 815.2 of the Government Code, as public entities, LASD and COUNTY are liable for injuries caused by the acts or omissions of their employees committed within the course and scope of their employment. This claim for relief is not alleging direct liability against LASD and COUNTY, only vicarious liability. *See* Gov. Code, § 815.2, subds. (a), (b); *see also Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

90.    By his act and omissions, Defendant ADAM VILLALOBOS, through threat, intimidation, and/or coercion, interfered with, attempted to interfere with, and violated Plaintiff APRIL HERRERA rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

A. To be free from bodily harm pursuant to Cal. Civ. Code § 43;

B. The right to be free from governmental interference as secured by the Fourteenth Amendments to the United States Constitution and by California Constitution, Article 1, §§ 7 and 13;

C. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, § 1.

91.    Defendant ADAM VILLALOBOS' violations of Plaintiff APRIL HERRERA's due process rights with deliberate indifference, in and of themselves constitute violations of the Bane Act.

92.    Alternatively, separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff APRIL HERRERA's rights as described above, Defendant violated Plaintiff APRIL HERRERA's rights by the following conduct constituting threat, intimidation, or coercion:

A. Contacting Plaintiff while on duty for non-law enforcement purposes;

B. Obtaining Plaintiff's contact information while on duty for non-law enforcement purposes;

C. Sexually grooming Plaintiff;

D. Took advantage of Plaintiff who was a disabled member of the public for sexual purposes; and

E. Sexually assaulted Plaintiff who was a disabled members of the public.

93.    Further, all of Defendant's violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

94.    Further, Defendant ADAM VILLALOBO violated Plaintiff's rights reckless disregard and with the specific intent and purpose to deprive her of their enjoyment of those rights and of the interests protected by those rights.

COMPLAINT FOR DAMAGES

95.     As a direct and proximate result of these Defendants ADAM VILLALOBOS and DOES 1-10' conduct, APRIL HERRERA sustained injuries and damages.

96.     As a direct and proximate result of Defendants ADAM VILLALOBOS a' violation of California Civil Code § 52.1 and of Plaintiff's rights under the Civil Code, United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief, including punitive damages against all individual Defendants, and all damages allowed by California Civil Code §§ 52 and 52.1 and California law, not limited to a multiplier of damages including treble damages, costs attorneys' fees, and civil penalties.

97.     Defendants LASD and COUNTY are vicariously liable for the violations of state law and conduct of their officers, employees, and agents, including individual named defendants, under California Government Code § 815.2

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter a judgment as follows:

A.     For economic and non-economic damages including but not limited to Plaintiff's physical, mental, and emotional pain and suffering, as well as all past, present, and future related medical expenses, in an amount according to proof at trial;

B.     For a multiplier of damages, including treble damages, as authorized under both Cal. Civ. Code § 52 and § 52.1;

C.     For civil penalties in the amount of $25,000 as authorized under both Cal. Civ. Code § 52 and§ 52.1;

D.     Damages and penalties pursuant to Civil Code Section § 1708.88;

E.     For punitive damages against the individual defendants in an amount to be proven at trial;

F.     For the reasonable attorneys' fees and costs allowed under 42 U.S.C. §

1            1988 and/or § 52 and § 52.1 in an amount to be proven at trial;

2       G.    For all other damages allowed under state and federal law, and;

3       H.    For such further relief as the Court may deem appropriate, proper, and

4            just.

5   Dated: March 11, 2024      **LAW OFFICES OF CHRISTIAN CONTRERAS**

6                                   **A PROFESSIONAL LAW CORPORATION**

7

8                          By: _____

9                          Christian Contreras, Esq.
                           Attorneys for Plaintiff,

10                         APRIL HERRERA

11  <strong><u>DEMAND FOR JURY TRIAL</u></strong>

12      Plaintiff hereby makes a demand for a jury trial in this action.

13  Dated: March 11, 2024      **LAW OFFICES OF CHRISTIAN CONTRERAS**

14                                    **A PROFESSIONAL LAW CORPORATION**

15

16                         By: _____

17                         Christian Contreras, Esq.
                           Attorneys for Plaintiff,

18                         APRIL HERRERA

19

20

21

22

23

24

25

26

27

28

**COMPLAINT FOR DAMAGES**